**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4755

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHELTON LAKIE GRIFFIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, District Judge. (CR-04-14)

Submitted: August 19, 2005      Decided: September 19, 2005

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shelton Lakie Griffin was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). Griffin appeals, claiming that the evidence was insufficient to convict and that his 120-month sentence violates the Sixth Amendment. We affirm.

I

Testimony at trial showed that on December 21, 2002, Griffin and Everette Bostic engaged in target practice, using an SKS rifle. Later that evening, they went to the Level III nightclub in Rockingham, North Carolina. Officers responded to a report of shots being fired at the club. Officer Rene Trevino was the first officer to arrive. He testified that he exited his patrol car and walked roughly thirty yards towards the club. He observed a blue car with no lights approaching him. A slim figure was hanging out the passenger window with his back towards Trevino. The passenger turned, aimed a rifle at Trevino, and fired. Trevino returned fire. The car accelerated, and the driver attempted to strike Trevino, missing him by only a few feet. Trevino noticed that the driver was heavy-set and wearing a white shirt.

Detective Robert Heaton testified that he exited his car upon arriving at the scene. He saw the blue car, which accelerated, causing him to dive behind his car. After the car

- 2 -

passed, Heaton got in his car and gave pursuit. The blue car struck a tree. Heaton saw the driver, a large black man in a white shirt, exit the vehicle. He also saw a passenger exit the car. The driver, Bostic, was quickly apprehended. The passenger fled.

Deputy Claude Taylor, a K-9 officer, took his dog, K-9 Cindy, to the passenger side of the blue car so she could track the passenger's scent. K-9 Cindy first found a rifle, then a single boot, in some nearby woods. Taylor turned the rifle and the boot over to the police department.

Officer Travis Bohman, who was a passenger in Detective Heaton's car, testified that he noticed that the passenger in the car was wearing dark clothing. When Bohman discovered Griffin in the woods, Griffin was missing a boot that matched the one that K-9 Cindy had found, was wearing dark clothing, and had pieces of glass in his hair and cuts on his face.

After he was apprehended, Griffin admitted that he had been a passenger in Bostic's car. Griffin denied having fired any shots, however. Griffin stipulated that he was a convicted felon.

Following his conviction, a presentence report was prepared. The probation officer assigned Griffin a base offense level of 24, U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2003), because Griffin had two previous felony convictions for crimes of violence. Four levels were added because Griffin possessed the firearm in connection with another felony offense,

see USSG § 2K2.1(b)(5), three levels were added because he created a substantial risk of serious bodily injury to a law enforcement officer, see USSG § 3A1.2(b), and two levels were added for obstruction of justice because Griffin fired in an attempt to avoid arrest and for reckless endangerment during flight, see USSG § 3C1.2.

With a total offense level of 33 and a criminal history category of VI, Griffin's guideline range was 235-293 months. However, because the maximum term of imprisonment for his offense was ten years, see 18 U.S.C. § 924(a)(2) (2000), the statutory maximum of 120 months became the guideline sentence. See USSG § 5G1.1(a).

Griffin objected under Blakely v. Washington, 542 U.S. 296 (2004), to the base offense level of 24, the increases under USSG §§ 2K2.1(b)(5), 3A1.2(b), and 3C1.2, and his criminal history category. At sentencing, the district court overruled the Blakely objections and declined to impose an alternative sentence. The court sentenced Griffin to 120 months in prison.

II

Griffin first contends that there was insufficient evidence to support his conviction. In reviewing a sufficiency claim, "[t]he relevant question is . . . whether, viewing the evidence in the light most favorable to the government, any

- 4 -

rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We consider both direct and circumstantial evidence "and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." Id. Witness credibility lies within the sole province of the jury, and the court will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). We will uphold a verdict "'if there is substantial evidence to support it.'" United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)).

We conclude that the evidence was sufficient to convict Griffin, who stipulated that he was a convicted felon. He admitted that he was a passenger in Bostic's vehicle. Only two persons--the driver and passenger--were in the car. Trevino saw the passenger shoot a rifle from the car. After the car struck the tree, both the driver and the passenger exited the car. The driver, Bostic, was apprehended immediately. K-9 Cindy, who was tracking the passenger's scent, located a rifle that was the same type that Griffin had used at target practice the day before. The dog also alerted to a boot that was the mate to the one Griffin was wearing when Bohman found him in the woods outside the nightclub. When he

was apprehended, Griffin was wearing dark clothing, just as the passenger in Bostic's car was.

III

Griffin contends that his sentence violates the Sixth Amendment. First, he claims that his base offense level should have been 14 instead of 24 because the jury did not find that he committed the offense after having previously been convicted of two crimes of violence. See USSG § 2K2.1(a). Because he raised this issue below, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). Second, Griffin objects to his placement in criminal history category VI, contending that he belonged in category I. Our review of this claim, raised for the first time on appeal, is for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993).

With respect to criminal history, Griffin contends that the factual findings required to determine whether particular convictions are countable and how many points are assessed involve more than the mere fact of a prior conviction and therefore are subject to the requirements of Blakely. He argues that, even if the prior conviction exception of Almendarez-Torres v. United States, 523 U.S. 224 (1998), is still good law, it must be narrowly applied, limited to the fact of a prior conviction, and not extended to include any fact about a prior conviction.

- 6 -

In <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record." <u>Id.</u> at 1262-63. Here, Griffin did not contest any facts about his prior convictions used to arrive at his criminal history score; rather, his is a purely legal argument. Therefore, the district court did not consider any facts Griffin did not admit, and the court's determination of his criminal history did not violate the Sixth Amendment. <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515 (4th Cir. 2005).

Just as Griffin did not contest any facts supporting his criminal history score, he did not contest facts about the two convictions identified in the presentence report as predicate crimes of violence warranting the increase to base offense level 24. For the reasons discussed above, there was no error in treating those convictions as undisputed and accordingly assigning the base offense level.

An offense level of 24 and a criminal history category of VI results in a guideline range of 100-125 months. Because Griffin's sentence of 120 months does not exceed the maximum of this unenhanced guideline range, there was no Sixth Amendment

violation.  See United States v. Evans, 416 F.3d 298 (4th Cir. 2005).[*]


IV

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.


AFFIRMED

---

[*]The district court increased the base offense level pursuant to USSG §§ 2K2.1(b)(5), 3A1.2(b), and 3C1.2.  These increases, based solely on judge-found facts, were impermissible under the Sixth Amendment.  No remand for resentencing based on these errors is required, however, because Griffin's 120-month sentence does not exceed the maximum sentence possible under the unenhanced guideline range of 100-125 months.